**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| JONATHAN AGUILAR-VASQUEZ, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 6:26-cv-03218-MBB |
| RUSSELL CELLULAR, INC., and VERIZON COMMUNICATIONS, INC., | ) ) ) ) | |
| Defendants. | ) ) ) | |
| ADESSA CONSULTING, INC., individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 6:26-cv-03219-MBB |
| RUSSELL CELLULAR, INC., and, VERIZON COMMUNICATIONS, INC., | ) ) ) ) | |
| Defendants. | ) ) ) | |
| MICHAEL BRETZ, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 6-26-cv-03224-MBB |
| RUSSELL CELLULAR, INC., and VERIZON COMMUNICATIONS, INC., | ) ) ) ) | |
| Defendants. | ) | |

1

## ORDER GRANTING MOTION TO CONSOLIDATE AND APPOINT INTERIM CO-LEAD CLASS COUNSEL

In *Aguilar-Vasquez v. Russell Cellular, Inc., et al.* (No. 6:26-cv-03218-MBB), Plaintiff filed a Motion for Consolidation and Appointment of Interim Class Counsel (the "Motion"). (**Doc. 8**). Because consolidation and appointment of interim co-lead and liaison counsel will promote efficiency and will not prejudice any party, the Motion is GRANTED.

### Background

Each case arises from a breach of Defendant Russell Cellular, Inc.'s computer systems in March 2026. (*Id.* at pp. 3-4). Plaintiffs each allege their data was compromised, and they assert similar claims against the same Defendants on behalf of themselves and a class of similarly situated individuals. Two complaints were filed on the same day, April 10, 2026. And the third complaint was filed on April 13, 2026. At least two Counsel for each Plaintiff signed the Motion. (*Id.* at pp. 16-17). The Motion clarifies that "[n]o counsel opposes consolidation or the appointment of Interim Co-Lead Counsel." (*Id.* at p. 16).

### Discussion

### I.      Consolidation is appropriate.

"All claims and issues sharing common aspects of law or fact may be consolidated to avoid unnecessary cost or delay." **E.E.O.C. v. HBE Corp.**, 135 F.3d 543, 550 (8th Cir. 1998), *citing* **Fed. R. Civ. P. 42(a)**. Consolidation is appropriate where actions involve "common parties, overlapping legal issues, and related factual scenarios." **Horizon Asset Mgmt. Inc. v. H & R Block, Inc.**, 580 F.3d 755, 768 (8th Cir. 2009). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." **Hall v. Hall**, 584 U.S. 59, 77 (2018).

The Complaints in the above captioned cases show that there are common questions of law and fact justifying consolidation under Rule 42(a). Each case involves similar claims related to

the same data breach on March 17, 2026.  Plaintiffs claim the data breach exposed their personal identifying information and the personal identifying information of many others.  Each case names Defendants Russell Cellular, Inc. and Verizon Communications, Inc.  Neither Defendant opposed consolidation.  Judicial economy is best served by consolidating these cases.

Plaintiffs ask the Court to order that "any later-filed action" related to the data breach be consolidated with the above captioned cases.  (**Doc. 8**, p. 16).  The Court declines that invitation. The Court prefers to address consolidation as necessary if more cases are filed.

II.     **Appointment of interim co-lead class counsel will serve class member interests and judicial economy.**

The Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." **Fed. R. Civ. P. 23(g)(3)**.  "While not statutorily required, the appointment of interim class counsel may be helpful in clarifying responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Roe v. Arch Coal, Inc.*, 2015 WL 6702288, at *2 (E.D. Mo. Nov. 2, 2015) (internal quotation marks omitted).  "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *Id.*  Those factors are:

(1) the work counsel has done in identifying or investigating potential claims in the action;

(2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(3) counsel's knowledge of the applicable law; and

(4) the resources that counsel will commit to representing the class.

**Fed. R. Civ. P. 23(g)(1)(A)**.

3

The consolidated action would benefit from interim class counsel. Amber L. Schubert, Schubert Jonckheer & Kolbe; Melissa Emert, Kantrowitz Goldhammer Graifman Perlmutter & Carballo; and Maureen M. Brady, McShane & Brady, LLC, will fairly and adequately represent the proposed class's interests. The Motion illustrates that each attorney has diligently investigated the facts and claims. Each attorney has extensive leadership experience in similar data breach class action cases. Finally, each attorney's experience demonstrates a willingness and an ability to commit resources to this litigation. Neither Defendant opposed appointment of these attorneys to their proposed roles. Appointment of Ms. Schubert and Ms. Emert as co-lead counsel, and Ms. Brady as liaison counsel, will promote judicial economy and will not prejudice any party.

Accordingly, it is hereby

**ORDERED** Plaintiff' Motion for Consolidation and Appointment of Interim Class Counsel in *Aguilar-Vasquez v. Russell Cellular, Inc., et al.* (No. 6:26-cv-03218-MBB) (**Doc. 8**) is **GRANTED**. The Clerk of the Court is directed to consolidate each of the above captioned cases under Case No. 6:26-cv-03218-MBB. No further filings should be made in the other above captioned cases. It is further

**ORDERED** that Amber L. Schubert of Schubert Jonckheer & Kolbe and Melissa Emert of Kantrowitz Goldhammer Graifman Perlmutter & Carballo are appointed as interim co-lead class counsel; and Maureen M. Brady of McShane & Brady, LLC is appointed as liaison counsel. It is further

**ORDERED** that Plaintiffs shall file a consolidated class action complaint on or before June 12, 2026. It is further

**ORDERED** that Defendants shall file an Answer or otherwise respond to the consolidated class action complaint on or before July 13, 2026. It is further

4

**ORDERED** that Defendant Verizon Communications, Inc.'s motions for extension of time to file an answer in Case No. 6:26-cv-03218-MBB (**Doc. 10**), Case No. 6:26-cv-03219-MBB (**Doc. 14**), and Case No. 6:26-cv-03224-MBB (**Doc. 5**) are **DENIED** as MOOT.  It is further

**ORDERED** that Defendant Russell Cellular, Inc.'s motion for extension of time to file an answer in Case No. 6:26-cv-03219-MBB (**Doc. 16**) is **DENIED** as MOOT.

**IT IS SO ORDERED**.

/s/ Megan Blair Benton
JUDGE MEGAN BLAIR BENTON
UNITED STATES DISTRICT COURT

Dated: May 13, 2026

5